**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-20834
Summary Calendar

RICHARD J ROBERTS,

Plaintiff-Appellant,

v.

RODNEY SLATER,
Secretary of Department of Transportation,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(H-97-CV-2149)

March 30, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard Roberts, plaintiff-appellant, appeals the decision of the district court granting a portion of defendant-appellee Department of Transportation's (DOT) motion for summary judgment. Robert was discharged by DOT because he was considered absent from work without authorization (AWOL) for approximately 6 months. He

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

appealed his removal to the Merit Systems Protection Board (MSPB) which affirmed the removal action. Roberts then appealed the MSPB's decision to the district court alleging that he was discharged in retaliation for filing EEOC charges in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and in retaliation for filing a workers' compensation claim under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.*.

The district court granted DOT's motion for summary judgment in part, as the court concluded that Roberts was AWOL and was not discharged in retaliation for filing EEOC charges or a FECA claim. The district court also denied part of DOT's motion for summary judgment. The court dismissed two of Roberts's EEOC charges for lack of jurisdiction because there was no final agency decision on these charges, rejecting DOT's argument Roberts consolidated all of his EEOC charges by amending his complaint to include a copy of the administrative judge's rulings in his favor on two EEOC charges.

We have reviewed the record and the parties' briefs and find no reversible error. We AFFIRM for essentially the reasons stated by the district court in its memorandum and order.